ROBERT N. PARRETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18961.   Promulgated April 9, 1929.

*F. R. Shearer, Esq.*, for the respondent.

OPINION.

TRAMMELL: This proceeding results from a letter mailed by the respondent to the petitioner under date of June 1, 1926, reading in part as follows:

As provided by Section 280 of the Revenue Act of 1926, there is proposed for assessment against you the sum of $462.27, constituting your liability as transferee of the assets of the Princeton Light and Power Company of Princeton, Indiana. This amount represents the unpaid balance of the interest due on a deficiency in tax of $8,130.89 assessed against the company for 1922.

The petition was filed July 29, 1926, and substantially the only issue raised is whether the petitioner is liable, as transferee, for more than his pro rata share of the tax liability of the dissolved corporation.

No appearance was made by or in behalf of the petitioner at the hearing, and no evidence was offered. The case was submitted on the pleadings. The petition alleges and the answer admits the following facts:

As of September 1, 1922, the entire physical property of the Princeton Light & Power Co., a corporation, was sold for the sum of $300,000, and the company was at once put in process of dissolution. The corporation paid the tax on its income for 1922, except that it did not include as income any part of the amount received from the sale of its property. The entire amount of the proceeds was distributed among the 54 stockholders in proportion to the number of shares of common stock held by each. The distribution was made by checks of the corporation before its final dissolution. The petitioner owned 500 shares of the common stock out of a total of 2,000 shares, and received the sum of $75,000 as his distributive share of the proceeds from the sale of the corporation's property.

Subsequent to the distribution, the respondent determined and assessed a deficiency in tax against the corporation in the amount of $8,130.89, based upon the profit derived from the sale of its property, to which interest was added, making a total of $9,245.51. Of this amount, $8,783.24 was paid by the stockholders, each in his proportionate amount, prior to June 1, 1926, leaving a balance of $462.27. Since the petitioner owned one-fourth of the stock, he paid one-fourth of the total deficiency so assessed, or the sum of $2,311.38, and now contends that he should not be required to pay the balance of the deficiency, which represents the pro rata share of the other stockholders who have not contributed to the payment thereof.

This same question was considered and decided by us adversely to the petitioner's contention in *Grand Rapids National Bank et al.*, 15 B. T. A. 1166.

On authority of that decision, the action of the respondent herein is approved.

However, it appears that subsequent to the date of the deficiency notice and prior to the filing of the petition, payments were made by other stockholders, and since the filing of the petition some additional payments have also been made, so that the liability has been reduced thereby to approximately $275, the exact amount not being shown. Accordingly,

*Judgment will be entered under Rule 50.*